**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | |
| EDWARD TREISBACK, : | CRIMINAL ACTION NO. |
| : | 2:11-CR-00022-RWS |
| Defendant. : | |
| : | |
| : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss for Violation of Defendant's Right to Speedy Trial [36]. After reviewing the record, the Court enters the following Order.

On May 13, 2011, Defendant was arrested on a Magistrate's Complaint [1] charging him with possession of child pornography. An Indictment [11] was returned against Defendant on June 7, 2011, and he was arraigned on June 14, 2011, where he pleaded not guilty [14]. Pretrial proceedings commenced in the case.

On May 30, 2012, Defendant filed a Motion to Dismiss for violation of Defendant's Right to Speedy Trial [36] in which he asserted that 76

unexcludable days had elapsed since his indictment and that he was entitled to an immediate dismissal. The Government filed no response to the Motion. However, on July 10, 2012, a Superseding Indictment [38] was returned charging Defendant with receiving child pornography and possessing child pornography.

The Court finds that more than 70 unexcludable days have passed since the return of the original Indictment without Defendant being placed on trial. Therefore, Defendant is entitled to dismissal of the original Indictment. 18 U.S.C. § 3162(a)(2). The question before the Court is whether the dismissal should be with or without prejudice. "In determining whether to dismiss the case with or without prejudice, the Court shall consider, among others each of the following factors: The seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter and on the administration of justice." The Court is required to clearly articulate its analysis of these factors. United States v. Brown, 183 F.3d 1306, 1310 (11th Cir. 1999). The Court will address each of these factors, in turn.

AO 72A
(Rev.8/82)

"Under the first factor, where the offense is serious, the district court should dismiss with prejudice only for a correspondingly severe delay." United States v. Cray, 450 F. App. 923, 928 (11th Cir. 2012). In Cray, the Court recognized possession of child pornography as a serious offense and that a "delay of 68 days was not, by itself, sufficient to require dismissal of an indictment with prejudice." Id. Likewise, the undersigned finds that the delay involved here is not sufficient to warrant a dismissal with prejudice, in light of the seriousness of the offense charged.

As for the second factor, Defendant is not responsible for the delay. Rather, responsibility for the delay lies with the Government and the Court. However, delay attributable to the Government and the Court does not automatically require dismissal with prejudice if the other two factors militate in favor of re-prosecution. Id. at 929.

Under the third factor, the Court is authorized "to consider aggravating and mitigating factors, such as the length of the delay and prejudice to the Defendant." Id. First, the Court finds that the delay in this case was not inordinate. As for prejudice to the Defendant, Defendant asserts that he has suffered oppressive pretrial incarceration. He does not assert that his

3

incarceration was unconstitutional but rather that "the conditions at the jail leave a lot to be desired." Def.'s Mot. [36] at 10. He also asserts that his defense has been prejudiced because a favorable witness, his father, is no longer available to testify. Also, Defendant asserts that he has not been free to obtain documents and witnesses that would have aided in his defense. As to the inability of his father to testify, Defendant fails to inform the Court of the nature of the testimony that would be expected from his father. Thus, it is difficult for the Court to determine what actual prejudice has been visited upon Defendant. As for his inability to aid in obtaining documents, the Court fails to see how the delay in trial is responsible for this inability. He was unable to assist because he was incarcerated. Had the trial been conducted earlier, his condition would have been no different. Therefore, the Court finds that Defendant has not been substantially prejudiced by the delay.

Defendant also moved for dismissal based upon a denial of his constitutional right to a speedy trial. The constitutional "right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied." Barker v. Wingo, 407 U.S. 514, 521 (1972). The determination of a violation of a

4

constitutional right to speedy trial is determined by assessing four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant." Id. at 530.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id. A delay of one year is sufficient to trigger further analysis.

Though the Government has not responded to the Motion, nothing in the record supports a conclusion that any delay on the part of the Government was a deliberate attempt to delay the trial or to hamper the defense in any way. At the same time, the Court notes that the Defendant is not responsible for any inordinate delay in the case.

Defendant has asserted his right to speedy trial through the filing of the instant motion. However, as discussed *supra*, Defendant has failed to show any significant prejudice as a result in the delay of his trial. Therefore, the Court finds that there has not been a violation of Defendant's constitutional right to speedy trial.

5

Based on the foregoing, the original Indictment [11] is hereby **DISMISSED**, **WITHOUT PREJUDICE**.

**SO ORDERED** this __19th__ day of July, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)